IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTON CHARLES AITCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-0333 |
| | § | |
| KEITH LYONS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Alton Charles Aitch, a state inmate purportedly incarcerated in the Fort Bend County Jail, filed this complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. At the time plaintiff filed his complaint, he was in custody of the Harris County Sheriff's Department at the Harris County Jail. On April 6, 2006, plaintiff sent notice to the Court of his new address at the Fort Bend County Jail, 1410 Ransom Road, Richmond, Texas 77469. (Docket Entry No. 20.) On May 15, 2006, the Court sent notice of a reassignment to plaintiff at his address of record at the Fort Bend County Jail. (Docket Entry No. 21.) On May 24, 2006, the notice was returned to the Court, marked as "Return to Sender; Released from Fort Bend County Jail." (Docket Entry No. 22.) The Court verified through telephone communication that plaintiff was released from Fort Bend County Jail on April 17, 2006.

Plaintiff has not provided the Court with a change of address, as required by Rule 83.4 of the Local Rules for the United States District Court for the Southern District of

Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Court advised in writing of his current address. The Court will only send notices to the address on file. A reasonable time of over two months has expired since plaintiff was released from custody, and he has yet to provide an accurate, current mailing address. His failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). Plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 22nd day of June, 2006.

_____
Gray H. Miller
United States District Judge